UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PARAGON COMMERCIAL REAL ESTATE, LLC, )
)
) Case No. 2:07-cv-00685-LRH-PAL
)
Plaintiff, ) **ORDER**
)
vs. ) (M/Stay - #11)
) (M/Strike - #19)
RICHARD B. GREEN, )
)
Defendant. )

This matter is before the court on Defendant's Emergency Motion to Stay Proceedings (#11), filed June 26, 2007. The plaintiff filed an Opposition (#15) on July 11, 2007, and the defendant filed a Reply (#16) on July 23, 2007. The court conducted a hearing on this matter on July 31, 2007. At the hearing, the plaintiff was represented by Steven Gibson. The defendant was represented by James Boyle. At the conclusion of the hearing, defense counsel indicated that the transcript of a July 17, 2007 hearing in Family Court would be prepared later in the day, and requested that the court review the transcript before deciding the motion. Defense counsel filed an Errata (#18), attaching the transcript that afternoon. The following day, plaintiff filed a Motion to Strike and a Response to the Errata (#19).

## BACKGROUND

**I.   Procedural History**

The amended complaint (#6) in this matter asserts claims for trademark infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and trade name infringement under Nevada Revised Statute ("N.R.S.") § 600.420. The amended complaint alleges the plaintiff, Paragon Commercial Real Estate, LLC, ("Paragon LLC") is a commercial real estate brokerage and a limited liability company organized under the laws of the State of Nevada. (Complaint (#1), ¶ 2.)   Sherri P. Green ("Ms. Green")

1  is a member of the LLC, its sole manager, and on August 20, 2004 filed a fictitious name certificate
2  with the Clark County Clerk.  (Id., ¶¶ 9, 10, and 11.)  Ms. Green began using the Paragon mark in
3  connection with offering real estate brokerage services August 23, 2004 when she became licensed as
4  the sole broker for the LLC.  (Id., ¶ 12.)  The defendant, Richard Green ("Mr. Green") is Ms. Green's
5  husband and the owner of Paragon Commercial Real Estate, Inc. ("Paragon, Inc."), another real estate
6  brokerage.  Prior to August 23, 2004, Mr. Green offered real estate brokerage services under the name
7  Paragon, Inc.  (Id., ¶ 16.)  Between December 31, 2002 and August 23, 2004, Mr. Green did not register
8  a mark or trade name with the State of Nevada or in Clark County.  (Id., ¶ 17.)  Plaintiff began using the
9  Paragon mark in connection with offering real estate brokerage services on August 23, 2004.  (Id.,
10 ¶ 19.)  On August 1, 2006, Mr. Green began using the Paragon mark in offering real estate brokerage
11 services with Paragon, Inc.  (Id., ¶ 21.)
12       The first claim for relief asserts defendant ceased use of the mark August 23, 2004, plaintiff
13 Paragon LLC began using the mark August 23, 2004, defendant has abandoned his rights to the mark
14 since August 23, 2004, and his current use of the mark constitutes a trade mark infringement.  (Id., ¶¶
15 20-29.)  The same conduct is alleged to constitute trade infringement under common law in the second
16 claim for relief, and trade infringement under N.R.S. 600.420.

17 **II.     Related Litigation Matters**

18       Ms. Green filed a divorce action on February 7, 2006 which is presently pending in Family
19 Court and set for trial before Judge Potter on March 10, 2008.  Among the issues before the Family
20 Court Judge is ownership and interest in Paragon, Inc.  Another state Family Court judge, Gloria
21 Sanchez, entered an order March 14, 2007, finding Mr. and Ms. Green had a valid and enforceable
22 prenuptial agreement.  (Defendant's Motion (#11), Winesett Declaration, Exhibit "B," ¶ 5, supported by
23 attached Exhibits "1" and "2".)  Relying upon Judge Sanchez' order, Mr. Green filed a motion for
24 partial summary judgment in the divorce action, asking that Family Court Judge Potter enter an order
25 that Ms. Green stop using the Paragon trade name and seeking other relief related to use of the Paragon
26 trade name by Ms. Green.  Judge Potter denied the motion, finding material issues of fact existed, and
27 set the matter for trial.
28 / / /

1   After the divorce action was initiated, Ms. Green and Paragon LLC filed an action in state court on March 21, 2007 against Mr. Green and Paragon, Inc., for trade name infringement under state law. Plaintiffs Ms. Green and Paragon LLC filed a motion to dismiss, which state Judge Elizabeth Gonzalez granted May 2, 2007.  (See Order Granting Plaintiff's Motion to Dismiss, attached as Exhibit "3" to Winesett Declaration.)

### III. Parties' Arguments

On May 25, 2007, Paragon LLC filed the instant federal action.  (See Complaint, #1.) Defendant's emergency motion to stay seeks a stay of this federal action pending resolution of the divorce action in Family Court.  Mr. Green contends that the two actions are substantially similar and warrants an emergency stay of the federal case as it is "a vexatious effort at forum shopping designed to muddy the active litigation occurring in the Divorce Action, obtain judicial relief from this Court that was previously and recently dismissed in the State Action, and potentially and probably convolute findings of fact and conclusions of law through piecemeal litigation." (Mot. at 6:5-8.)  Mr. Green argues that the intertwined nature of these two sets of proceedings meet the Supreme Court's "exceptional circumstances" test to determine whether to stay federal court proceedings due to concurrent state action announced in Colorado River Water Conservation Dist. v. U.S., 424 U.S. 800 (1976).  He argues that the Paragon mark is bound up with Paragon, Inc., which is his separate property under the prenuptial agreement, and one of the major issues involved in the Family Court proceedings. Thus, jurisdiction over the Paragon mark resides in Family Court.  Second, he argues that Family Court is a more convenient and appropriate forum for adjudication of the parties' interest in the Paragon mark incident to the divorce action.  Third, he contends that this federal action will lead to piecemeal litigation complicating and/or interfering with the Family Court's ability to divide property upon dissolution of the marriage.  Fourth, he asserts that the Family Court action was filed first, followed by the state court action, and finally the instant federal action, and that Ms. Green should not be allowed to file a federal action essentially readjudicating a claim raised in state court that she moved to dismiss. Acknowledging that Ms. Green is not formally a party to this action, he points out that both she and Paragon LLC were plaintiffs in the state trade name infringement action, and that she is arguably an
/ / /

essential party to these proceedings. Finally, he argues the Family Court can adequately protect the parties' rights with respect to the Paragon mark.

In its opposition, Paragon LLC argues that Mr. Green mischaracterizes the procedural history of the case and overstates the similarity between the two actions. Paragon LLC explains that Mr. Green operated as owner and sole broker for Paragon, Inc. for many years, but on August 23, 2004, he relinquished his broker license with respect to Paragon, Inc. Ms. Green subsequently began offering real estate brokerage services under the Paragon mark, under the theory that Mr. Green had abandoned use of the mark and trade name. Paragon LLC also contends that Mr. Green mischaracterizes the state court proceedings, arguing that the case was dismissed voluntarily upon Paragon LLC's request once it secured new counsel who recognized that it had a potential second cause of action under the Lanham Act. With respect to Mr. Green's legal argument, Paragon LLC argues that the court must first determine as a threshold matter whether the two actions are actually parallel to implicate the Colorado River doctrine. It argues the two cases are not parallel because the Family Court proceeding is a divorce action that at most will determine whether Ms. Green has any interest in Paragon, Inc., which she claims is defunct. By contrast, the federal action merely concerns Paragon LLC's claim to the Paragon mark against Mr. Green's subsequent use after he abandoned the mark upon ceasing to act at Paragon, Inc.'s broker. Furthermore, Paragon LLC notes that the parties to the two sets of actions are different as Ms. Green is not a party to the federal action, and Paragon LLC is not a party to the Family Court proceeding, and that Mr. Green's claim that it is acting as Ms. Green's alter ego requires him to pierce the corporate veil. It further contends that Mr. Green has failed to meet any of the Colorado River factors because: (1) the court has not assumed jurisdiction over the *res* at issue, (2) the federal forum is not inconvenient, (3) the risk of piecemeal litigation is low, (4) the order in which the courts obtained jurisdiction is inconsequential, (5) Federal law governs Paragon LLC's trademark infringement claims pursuant to the Lanham Act, and (6) the Family Court is a completely inadequate forum to protect Paragon LLC's rights.

Mr. Green replies that Paragon LLC's arguments consist of a series of baseless assumptions, which, when parsed out, further demonstrate the intertwined nature of the two pending lawsuits. First, he points out that if Ms. Green has an interest in Paragon, Inc., which is the basis of her arguments in

Family Court, then Mr. Green could not have abandoned the Paragon mark as it is bound up with Paragon, Inc. Paragon LLC's federal action is predicated on Ms. Green's assertion that she had rights, title and interest in Paragon Inc to transfer to Paragon LLC, a matter that can only be decided in Family Court. In addition, he asserts Judge Potter essentially rejected this argument at the July 17, 2007 hearing, indicating that he would adjudicate all issues and claims related to Paragon, Inc. that arise out of the pre-marital agreement, any post-marital agreements and the marital community through the date of trial.

The Errata (#18) not only attached a copy of the Family Court hearing transcript, but contained a declaration of defense counsel characterizing his conclusions of Judge Potter's decision in addition to authenticating the transcript. Plaintiff responded to the errata by filing a motion to strike, asserting the errata was an improper "second bite of the apple," defense counsel's own interpretation of Judge Potter's rulings, legal argument, and is misleading, incorrect, or prejudicial to plaintiff. Plaintiff, therefore, seeks sanctions in the form of costs and attorney's fees for filing a motion to strike.

**DISCUSSION**

Mr. Green's motion to stay invokes the federal doctrine of abstention. Federal courts apply two distinct forms of abstention. The first "is considered appropriate in a few well-defined areas to ease friction between federal and state sovereigns." American Int'l Underwriters, (Philippines), Inc. v. Continental Ins. Co., 843 F.2d 1253, 1257 (9th Cir. 1988). These include "[w]here a federal court can avoid a constitutional determination by allowing a state court to construe state law . . . there are difficult questions of state law involving policy considerations that transcend the result in the case at the bar . . [and] where federal jurisdiction has been invoked to restrain state criminal proceedings." Id. (internal citations omitted).

A second form of abstention, known as the Colorado River doctrine, "is not based on weighty considerations of federal-state relations . . . [but rather] is designed to promote wise judicial administration." Id. (citing Colorado River, 424 U.S. at 817-18) (internal quotations removed). When properly invoked, the doctrine allows courts to stay or dismiss actions where there are "substantially similar" concurrent state court proceedings. Colorado River, 424 U.S. 817. The Supreme Court has held that the Colorado River doctrine should only be invoked under "exceptional circumstances," as

1   federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given to them."
2   Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1,15, 19 (1983).  The Ninth Circuit
3   has noted, however, that "[t]his somewhat overstates the law because in certain circumstances, a federal
4   court may stay its proceedings in deference to pending state proceedings."  Nakash v. Marciano, 882
5   F.2d 1411, 1415 (9th Cir. 1989).  Ultimately, this doctrine rests on considerations of "[w]ise judicial
6   administration, giving regard to conservation of judicial resources and comprehensive disposition of
7   litigation."  Colorado River, 424 U.S. at 817 (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,
8   342 U.S. 180, 183 (1952)).

9         The Colorado River doctrine requires the application of a four-factor balancing test to determine
10  whether staying proceedings was appropriate: (1) whether either court had assumed jurisdiction over a
11  *res*, (2) the relative convenience of the forums, (3) the desirability of avoiding piecemeal litigation, and
12  (4) the order in which the forums obtained jurisdiction.  Id. at 818.  In Moses Cone, the Supreme Court
13  added two additional factors: (5) whether state or federal law controls and (6) whether the state
14  proceeding is adequate to protect the parties' rights.  460 U.S. at 25-26.  "These factors are to be
15  applied in a pragmatic and flexible way as part of a balancing process rather than as a 'mechanical
16  checklist.'"  American Int'l Underwriters, 843 F.2d at 1257.

17        In the area of family law, the Supreme Court has long held that "[t]he whole subject of the
18  domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to
19  the laws of the United States."  Ex parte Burrus, 136 U.S. 586, 593-94 (1890); see also Mansell v.
20  Mansell, 490 U.S. 581, 587 (1989) (concluding that "domestic relations are preeminently matters of
21  state law.").  In addition, federal courts may stay or dismiss cases involving "elements of the domestic
22  relationship," even if divorce, alimony, child custody or the like is not directly at issue:

23          This would be so when a case presents 'difficult questions of state law
24          bearing on policy problems of substantial public import whose
25          importance transcends the result in the case then at bar.' Such might well
26          be the case if a federal suit were filed prior to effectuation of a divorce,
27          alimony, or child custody decree, and the suit depended on a
28          determination of the status of the parties.

Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992) (quoting Colorado River, 424 U.S. at 814).  Thus, "while rare instances arise in which it is necessary to answer a substantial federal question that transcends or exists apart from the family law issue, in general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts." Elk Grove Unified School District v. Newdow, 542 U.S. 1, 13 (2004) (citing Palmore v. Sidoti, 466 U.S. 429, 432-434 (1984)).

The court finds that the parties' current disputes over the mark Paragon are inextricably intertwined with the pending state court divorce action and more appropriately addressed by the assigned Family Court judge.  Although plaintiff's claims in this action raise federal questions, they are not so substantial that they transcend or exist apart from the family law issues.  The court finds it more appropriate for this federal court to leave the delicate issues of domestic relations law to the state court. Most, if not all, of the issues involved in this federal action can and should be addressed by the state court.  After the property interests of the husband and wife in Paragon have been adjudicated, any remaining issues of federal law can then be addressed by the federal court.

Having reviewed and considered the matter,

**IT IS ORDERED:**

1. Defendant's Emergency Motion to Stay Proceedings (#11) is GRANTED.
2. Plaintiff's Motion to Strike (#19) is GRANTED in part and DENIED in part.  The motion is GRANTED to the extent that the declaration of James Boyle is stricken except as it authenticates the attached transcript of the July 17, 2007 hearing in the Eighth Judicial District Court, Family Division, and DENIED in all other respects.

Dated this 3rd day of August, 2007.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE